UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ARTAVIUS GRANT RICHARDS,

Plaintiff,

v.

D. SHAFER, et al.,

Defendants.

CAUSE NO. 3:25-CV-639-PPS-JEM

OPINION AND ORDER

Artavius Grant Richards, a prisoner without a lawyer, filed an amended complaint against eight defendants alleging they violated his due process rights when he was moved to a progressive segregated housing unit for two months at Westville Correctional Facility. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On or around August 28, 2025, Richards was moved to Westville's Correctional Facility's progressive segregated housing unit, called K-Housing Unit ("KHU"). ECF 13 at 2. He asserts Case Manager Hamrick told him that he was being moved to KHU for his safety and protection. *Id*. However, Richards contends he did not meet the criteria

for being placed in KHU, and his safety was compromised because he was housed with violent offenders, had a roommate, and was classified as a worker. *Id*.; ECF 13-1 at 9. He further alleges that he was moved to KHU after filing grievances and a lawsuit against Lt. D. Shafer. *Id*. at 3. Richards tells me that, while he was housed in KHU, he was not permitted to work for twenty-one days. ECF 13 at 2-3. Richards remained in KHU for two months and was later transferred to Westville's honors dorm.[1] *Id*. He seeks monetary damages. *Id*. at 4.

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. That said, due process is only required when punishment extends the duration of confinement or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995). The Seventh Circuit has "concluded that inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (citing *Lekas v. Briley*, 405 F.3d 602, 608–09 & 608 n.4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."); *Healy v. Wisconsin*, 65 Fed. App'x. 567, 568 (7th

---

[1] Richards' handwriting is difficult to read in portions of his complaint, but it appears he writes that he was housed in KHU for two months. *See* ECF 13 at 3.

Cir. 2003) ("[I]nmates do not have a protected liberty interest in a particular security classification.") (citing *Sandin*, 515 U.S. at 486).

Although later cases have questioned the conclusion that placement in nonpunitive segregation can "*never* implicate a liberty interest," *see Williams v. Brown*, 849 Fed. Appx. 154, 157, n.3 (7th Cir. 2021) (emphasis added), timing plays a part in the analysis, even when conditions are significantly harsher. *See e.g., Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017) ("Prisoners do not have a constitutional right to remain in the general population, but both the duration *and* the conditions of the segregation must be considered in determining whether due process is implicated.") (internal quotation marks, parenthesis, and citations omitted; emphasis in original); *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 & nn.2–3 (7th Cir. 2009) (collecting cases that held segregation of two to ninety days does not trigger due process concerns and stating, "In a number of other cases, we have explained that a liberty interest may arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh."); *Lekas*, 405 F.3d at 612 (finding that up to ninety days in segregation does not affect liberty). Being housed in KHU for two months does not trigger a liberty interest or due process concerns.

As to Richard's claim that he was not allowed to work for twenty-one days while he was housed in KHU, "[t]he Constitution does not give prisoners any substantive entitlements to prison employment." *Soule v. Potts*, 676 Fed. Appx. 585, 586 (7th Cir. 2017) (citing *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (2020); *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir.

3

1991) (en banc)). Because a prisoner does not have a liberty or property interest in a prison job, a deprivation of that job does not violate any due process rights. *DeWalt*, 224 F.3d at 613. As discussed, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484-85. The loss of a prison job itself does not meet that high standard. *Hoskins v. Lenear*, 395 F.3d 372, 374–75 (7th Cir. 2005) (prisoner not entitled to process for discipline of two months in segregation, the loss of prison job, the loss of privileges, and a transfer). Therefore, Richards may not proceed here.

Next, Richards asserts that he was moved to KHU because he filed grievances and a lawsuit against Lt. D. Shafer. Here, he may be claiming that he was retaliated against for exercising his First Amendment rights. To state a claim under the First Amendment, a plaintiff must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citation and internal quotation marks omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). Here, Richards has only alleged that he was moved to KHU after filing grievances, but he alleges no facts that link the two things. Just because something occurs after the fact does not mean it occurred because of the fact. In short, Richards has failed to allege facts from which it can plausibly be

4

inferred that he was housed in KHU because he exercised his rights under the First Amendment.

Finally, Richards has sued eight defendants: Lt. D. Shafer, M. Morson, Warden B. English, M. Gapski, Centurion HSA, T. Hamrick, K. McKinney, and C. Ertel. However, he does not describe each defendant's involvement in the events in this case. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Richards's allegations are too vague for me to determine that any defendant is personally liable for violating his rights.

The amended complaint does not state a claim for which relief can be granted. If Richards believes he can state a claim based on (and consistent with) the events described in this amended complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Artavius Grant Richards until **July 17, 2026**, to file a second amended complaint; and

(2) CAUTIONS Artavius Grant Richards that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: June 17, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT